UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**STEIN & NIEPORENT LLP**
David Stein (DS 2119)
1441 Broadway, Suite 6090
New York, New York 10001
(212) 308-3444
dstein@steinllp.com

Attorneys for Plaintiffs

| | |
|---|---|
| Scarlett Wilson and Jimmy Atiles, <br><br> Plaintiffs, <br><br> - vs. – <br><br> Sycamore Lee Corp. d/b/a Sycamore and Kathie Jung Lee, <br><br> Defendants. | DOCKET NO. 22-cv-249 <br><br> **COMPLAINT** |

Plaintiffs Scarlett Wilson and Jimmy Atiles, by and through their undersigned attorneys, for their complaint against defendants Sycamore Lee Corp. d/b/a Sycamore and Kathie Jung Lee, allege as follows:

### NATURE OF THE ACTION

1. Plaintiffs Scarlett Wilson and Jimmy Atiles allege that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2. Ms. Wilson and Mr. Atiles further complain that they are entitled to (i) compensation for wages paid at less than the statutory minimum wage; (ii)

compensation for defendants' violations of the "spread of hours" requirements of New York Labor Law; (iii) compensation for defendants' failure to pay all wages owed; (iv) liquidated damages pursuant to New York Labor Law for these violations; and (v) statutory damages for defendants' violations of the Wage Theft Prevention Act.

## THE PARTIES

3. Plaintiffs are adult individuals residing in Brooklyn, New York.

4. Upon information and belief, defendant Sycamore Lee Corp. d/b/a Sycamore ("Sycamore") is a New York corporation with a principal place of business at 1118 Cortelyou Road, Brooklyn, New York.

5. At relevant times, defendant Sycamore Lee Corp. has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 206(a).

6. Upon information and belief, at all relevant times, Sycamore has had gross annual revenues in excess of $500,000.00.

7. Upon information and belief, at all relevant times herein, Sycamore has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

8. Upon information and belief, defendant Kathie Jung Lee is an owner or part owner and principal of Sycamore, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

9. Defendant Kathie Jung Lee was involved in the day-to-day operations of Sycamore and played an active role in managing the business.

10. For example, defendant Kathie Jung Lee hired plaintiffs, set their pay, and set employee recordkeeping policies.

11. Defendants constituted "employers" of Ms. Wilson and Mr. Atiles as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Ms. Wilson's and Mr. Atiles's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Ms. Wilson's and Mr. Atiles's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

## FACTS

14. At all relevant times herein, defendants owned and operated a bar in Brooklyn.

15. Ms. Wilson was employed at Sycamore from approximately August 2018 through August 2019.

16. Mr. Atiles was employed at Sycamore from approximately October 2017 through June 2019.

17. Ms. Wilson and Mr. Atiles were employed as bartenders.

18. Ms. Wilson's and Mr. Atiles's work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

19. At all relevant times herein, Ms. Wilson and Mr. Atiles were employees engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

20. Ms. Wilson generally worked two or three shifts per week, with one often being a double shift.

21. Mr. Atiles generally worked three to five shifts per week, and typically worked a double shift once or twice a month.

22. The length of those shifts varied depending on the day of the week, but generally lasted between seven and nine hours.

23. As a result, Ms. Wilson typically worked between 14 and 27 hours per week, and Mr. Atiles typically worked between 12 and 35 hours per week.

24. Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

25. In 2017, Mr. Atiles was paid $7.50 per hour, and in 2018 and 2019, plaintiffs were paid $8.65 per hour.

26. However, plaintiffs received these amounts only for the hours for which they were paid.

27. Plaintiffs were not paid for all of their hours.

28. Although Ms. Wilson and Mr. Atiles worked shifts of between 7 and 9 hours, they were regularly paid for just 3.5 hours per shift.

29. As a result, Ms. Wilson's and Mr. Atiles's effective rate of pay was always below the statutory federal and state minimum wages in effect at relevant times.

30. In addition to their pay, Ms. Wilson and Mr. Atiles generally received tips for their work.

31. However, defendants never provided Ms. Wilson or Mr. Atiles with any notices or information regarding the "tip credit."

32. Upon information and belief, defendants did not keep records of all of the tips received by Ms. Wilson or Mr. Atiles.

33. Defendants' failure to pay Ms. Wilson and Mr. Atiles an amount at least equal to the federal or New York state minimum wages in effect during all relevant time periods was willful, and lacked a good faith basis.

34. Defendants failed to pay Ms. Wilson and Mr. Atiles all of their wages.

35. Defendants' failure to pay Ms. Wilson and Mr. Atiles wages for all hours worked was willful, and lacked a good faith basis.

36. Ms. Wilson and Mr. Atiles were paid by check, and they received paystubs. However, those paystubs did not reflect all of the hours that they worked.

37. During their employment, Ms. Wilson and Mr. Atiles sometimes worked double shifts; when they did so, that resulted in their working in excess of ten hours from start to finish in a day, and yet defendants willfully failed to pay them one additional hour's pay at the minimum wage for each such day, in violation of the New York Labor Law and the supporting New York State Department of Labor regulations.

38. Defendants failed to provide Ms. Wilson or Mr. Atiles with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, their respective regular and overtime rates, and intended allowances claimed – and failed to obtain their

respective signatures acknowledging the same, upon their hiring or at any time thereafter, in violation of the Wage Theft Prevention Act.

39. Defendants failed to provide Ms. Wilson or Mr. Atiles with accurate weekly records of their compensation and hours worked, in violation of the Wage Theft Prevention Act.

40. Upon information and belief, while defendants employed Ms. Wilson and Mr. Atiles, and through all relevant time periods, defendants failed to maintain accurate and sufficient time records.

41. Upon information and belief, while defendants employed Ms. Wilson and Mr. Atiles, and through all relevant time periods, defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (Fair Labor Standards Act – Minimum Wage)

42. Ms. Wilson and Mr. Atiles repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

43. At all relevant times, defendants employed Ms. Wilson and Mr. Atiles within the meaning of the FLSA.

44. Defendants failed to pay a salary greater than the minimum wage to Ms. Wilson and Mr. Atiles for all hours worked.

45. As a result of defendants' willful failure to compensate Ms. Wilson and Mr. Atiles at a rate at least equal to the federal minimum wage for each hour worked,

defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206.

46. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

47. Due to defendants' FLSA violations, Ms. Wilson and Mr. Atiles are entitled to recover from defendants their unpaid compensation plus liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law – Minimum Wage)

48. Ms. Wilson and Mr. Atiles repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

49. At all relevant times, Ms. Wilson and Mr. Atiles were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

50. Defendants willfully violated the rights of Ms. Wilson and Mr. Atiles by failing to pay them compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

51. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

52. Due to defendants' New York Labor Law violations, Ms. Wilson and Mr. Atiles are entitled to recover from defendants their unpaid compensation, liquidated

damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT III**

**(New York Labor Law – Spread of Hours)**

53. Ms. Wilson and Mr. Atiles repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

54. At all relevant times, Ms. Wilson and Mr. Atiles were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

55. Defendants willfully violated the rights of Ms. Wilson and Mr. Atiles by failing to pay them an additional hour's pay at the minimum wage for each day they worked shifts lasting in excess of ten hours from start to finish, in violation of the New York Labor Law §§ 650 *et seq*. and its regulations in 12 N.Y.C.R.R. § 146-1.6.

56. Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

57. Due to defendants' New York Labor Law violations, Ms. Wilson and Mr. Atiles are entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT IV**

**(New York Labor Law – Failure to Pay Wages)**

58. Ms. Wilson and Mr. Atiles repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

59. At all relevant times, Ms. Wilson and Mr. Atiles were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

60. Defendants willfully violated the rights of Ms. Wilson and Mr. Atiles by failing to pay them their full wages earned for all hours worked, in violation of, inter alia, New York Labor Law § 191.

61. Defendants' failure to pay all wages owed was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

62. Due to defendants' New York Labor Law violations, Ms. Wilson and Mr. Atiles are entitled to recover from defendants damages for unpaid wages, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V

### (New York Labor Law – Wage Theft Prevention Act)

63. Ms. Wilson and Mr. Atiles repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

64. At all relevant times, Ms. Wilson and Mr. Atiles was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

65. Defendants willfully violated the rights of Ms. Wilson and Mr. Atiles by failing to provide them with the wage notice required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

66. Defendants willfully violated the rights of Ms. Wilson and Mr. Atiles by failing to provide them with accurate weekly wage statements required by the Wage Theft Prevention Act at any time during their employment.

67. Due to defendants' New York Labor Law violations relating to the failure to provide paystubs, Ms. Wilson and Mr. Atiles are entitled to recover from the defendants statutory damages of $250 per day throughout their employment, up to the maximum statutory damages.

68. Due to defendants' New York Labor Law violations relating to the failure to provide wage notices, Ms. Wilson and Mr. Atiles are entitled to recover from the defendants statutory damages of $50 per day throughout their employment, up to the maximum statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Ms. Wilson and Mr. Atiles respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. Compensatory damages for failure to pay the minimum wage pursuant to the FLSA and New York Labor Law;

d. An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage pursuant to 29 U.S.C. § 216;

e. Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

f. Compensatory damages for failure to pay all wages owed;

g. Liquidated damages for defendants' New York Labor Law violations;

h. Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

i. Back pay;

j. Punitive damages;

k. An award of prejudgment and postjudgment interest;

l. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m. Such other, further, and different relief as this Court deems just and proper.

Dated: January 5, 2022

_____
David Stein
STEIN & NIEPORENT LLP
1441 Broadway, Suite 6090
New York, New York 10018
(212) 308-3444
Attorneys for Plaintiffs